UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| AMBER WARD, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> DEBT COLLECTION PARTNERS, LLC, <br><br> Defendant. | Case No. 1:21-cv-268 <br><br> **JURY DEMAND** |

## COMPLAINT

Now comes AMBER WARD ("Plaintiff,") complaining as to DEBT COLLECTION PARTNERS, LLC ("Defendant").

### NATURE OF THE ACTION

1. Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Ohio Consumer Sales Practices Act ("OCSPA") under Ohio Rev. Code Ann. § 1345 *et seq.*

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391 as a substantial portion of the acts or omissions giving rise to this action occurred within this District.

[ 1 ]

**PARTIES**

4. Plaintiff is a natural person residing within this District.

5. Defendant is a West Virginia limited liability company with its principal place of business in Westover, WV.

6. Defendant operates as a third-party debt collector and regularly collects upon consumers in Ohio.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8. At some point prior to the beginning of 2021, Plaintiff incurred a purported debt for personal healthcare.

9. At some point prior to March 25, 2021 the original creditor assigned the purported debt to Defendant for collection.

10. On March 25, 2021, Defendant mailed to Plaintiff a letter (the "Letter") seeking to collect upon the purported debt.

11. The Letter was contained within an envelope featuring two large glassine windows, the upper of which displays a return address, and the lower (and larger) of which displays Plaintiff's name and address.

12. Unfortunately, in addition to these nondescript markings, the glassine windows are so overlarge, and the letter within is so crowded with language and symbols, that the glassine windows reveal a great deal more information.

[ 2 ]

13. Also visible through the upper glassine window is:

    a. An alphanumeric string that, on information and belief, encodes Plaintiff's personal information, such as her account number and account balance;

    b. A bar code that, on information and belief, contains Plaintiff's personal information, such as her account number and account balance;

    c. At times, as the letter slides about within the envelope, the language "*** **DETACH LOWER PO**";

    d. At times, as the letter slides about within the envelope, the language "RETURN SERVICE REQUESTED".

14. Also visible through the lower (and larger) glassine window is:

    a. An alphanumeric string that, on information and belief, encodes Plaintiff's personal information, such as her account number and account balance;

    b. A bar code that, on information and belief, contains Plaintiff's personal information, such as her account number and account balance;

    c. A QR code that, on information and belief, contains Plaintiff's personal information, such as her account number and account balance;

    d. At times, as the letter slides about within the envelope, the

[ 3 ]

language "MARCH 25, 2021";

e. At times, as the letter slides about within the envelope, another QR code and another alphanumeric string, one or both of which, on information and belief, contain(s) Plaintiff's personal information, such as her account number and account balance;

f. At times, as the letter slides about within the envelope, the leftmost half-inch of a return address block featuring Defendant's full name, "DEBT COLLECTION PARTNERS, LLC," and address.

   i. This means that when the letter has slid all the way to the left within the envelope, and the envelope is laying flat, the letters "DEB" are visible through the glassine window.

   ii. When the letter has slid to the left within the envelope and the letter is then lightly pinched from top and bottom, as might be done by a curious mail carrier or neighbor who sees the letters "DEB"[1], the language "DEBT C" becomes visible. Images of this effect are attached as Exhibit 1.

15. Between them, these visible markings clearly reveal that the envelope's contents pertain to debt collection.

16. This action follows.

---

[1] Because portion of the return address visible through the lower glassine window matches the same portion of the return address that is fully visible in the upper glassine window, it is clear to any observer that the letters "DEB," which sit directly above the portion visible in the lower window, must be the beginning of the sender's name.

## CLASS ALLEGATIONS

17. Plaintiff brings this claim on behalf of a class of similarly situated individuals, pursuant to Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(2) and/or (b)(3).

18. The class consists of (a) all individuals in Ohio, (b) to whom Defendant mailed a letter seeking to collect upon a debt, (c) displaying and/or capable of displaying after ordinary jostling, through the glassine window or otherwise on the exterior of the envelope, some or all of the language and symbols described in paragraphs 13 & 14, *supra*, (d) which letter was received on or after April 14, 2020.

19. The class is so numerous that joinder of all members is not practicable. On information and belief, the class contains hundreds of members.

20. There are questions of law and fact common to the class's members that predominate over any questions relating to individual class members. The predominant question is whether the placement and/or content of the language and symbols complained of violates the FDCPA and CSPA.

21. Plaintiff's claims are typical of the claims of all members of the class. The claims of all class members are based on the same factual and legal theories.

22. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained competent counsel familiar with FDCPA, CSPA, and class action litigation and with the resources necessary to pay for class notice and discovery costs.

23. A class action is superior for the fair and efficient adjudication of this matter, in that individual actions are not economically feasible and many if not most class members are unaware of their rights.

### **C**OUNT **I — V**IOLATIONS OF THE **F**AIR **D**EBT **C**OLLECTION **P**RACTICES **A**CT

24. Plaintiff realleges the paragraphs above as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purposes of their businesses are the collection of debts, and because they use the instrumentalities of interstate commerce to do so.

27. In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

28. The subject purported debt is a "debt" as defined by FDCPA § 1692a(5) because the debt owed or due or asserted to be owed or due to another arises out of a transaction for personal, family, or household purposes, being in this case a debt for personal medical care.

29. Defendant violated the FDCPA by using language and symbols, other than the debt collector's name and address, on an envelope when communicating with Plaintiff, in violation of § 1692f(8).

30. Plaintiff is therefore entitled to statutory damages of up to $1,000, plus attorney fees, and the proposed class is entitled to statutory damages up to the lesser of $500,000 or 1% of Defendant's net worth, plus attorney fees, under § 1692k(a).

## COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

31. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

32. Plaintiff is a "person" as defined by R.C. 1345.01(B).

33. Defendant is a "supplier" as defined by R.C. 1345.01(C). *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

34. Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

35. R.C. §1345.09(B) thus grants Plaintiff a private right of action against Defendant for damages.

36. Defendant committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), when Defendant engaged in acts and practices in violation of the FDCPA as set forth above.

37. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq. See, e.g., Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

38. Further, Defendant committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), when Defendant purposefully violated the TCPA in an unfair manner. *See United States v. Dish Network LLC*, 256 F. Supp. 3d 810, 965 (C.D. Ill. 2017) (interpreting Ohio case law).

[ 7 ]

39. Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

40. The CSPA's procedural prohibition against seeking statutory minimum damages in a class action conflicts with and is preempted by Fed. R. Civ. P. 23's requirements for class certification. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) (Scalia, J.) (holding, in the narrowest concurrence, that "Rule 23 . . . falls within § 2072(b)'s authorization. A class action, no less than traditional joinder . . ., merely enables a federal court to adjudicate claims of multiple parties at once, instead of in separate suits. And like traditional joinder, it leaves the parties legal rights and duties intact, and the rules of decision unchanged.").

41. Plaintiff and each member of the proposed class are therefore entitled to statutory damages of $200 per violation, plus reasonable attorney fees under R.C. §1345.09(B) & (F)(2).

WHEREFORE, Plaintiff respectfully requests judgment as follows:

    **a.** Certifying the proposed class;

    **b.** Appointing Plaintiff as class representative for the proposed class;

    **c.** Appointing Plaintiff's counsel as class counsel for the proposed class;

    **d.** Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    **e.** Awarding statutory damages of $1,000.00 per plaintiff per alleged debt, up to the lesser of $500,000 or 1% of Defendants' net worth, to the class, as provided under § 1692k(a);

[ 8 ]

**f.** Awarding statutory damages of $200 per violation per class member for violations of the CSPA to the class;

**g.** Awarding Plaintiff, as class representative, statutory damages of $1,000, as provided under § 1692k(a);

**h.** Awarding Plaintiff, as class representative, statutory damages of $200 per violation of the CSPA, as provided under R.C. 1345.09(B);

**i.** Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

**j.** Awarding Plaintiff costs and reasonable attorney fees, with a multiplier, as provided under R.C. 1345.09(F)(2);

**k.** Awarding Plaintiff and class members, current and future, injunctive relief under R.C. 1345.09((D) prohibiting Defendant from continuing to employ letters substantially in the form described in this complaint;

**l.** Awarding Plaintiff the costs of this action; and

**m.** Awarding any other relief this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated: April 14, 2021

By: <u>s/ Geoffrey Parker</u>

Geoffrey Parker (0095742)
HILTON PARKER LLC
7544 Slate Ridge Blvd.
Reynoldsburg, OH 43068
Tel: (614) 992-2277
Fax: (614) 927-5980
gparker@hiltonparker.com
*Attorney for Plaintiff Amber Ward*
